IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

DOUGLAS DURAN CERRITOS,        )
                               )
            Movant,            )
                               )
    v.                         )    No. 1:18-cv-884 (LMB)
                               )    No. 1:16-cr-104 (LMB)
UNITED STATES OF AMERICA,      )
                               )
            Respondent.        )

## MEMORANDUM OPINION

Douglas Duran Cerritos ("Cerritos" or "movant") has filed a pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Federal Sentence by a Person in Federal Custody ("Motion to Vacate") [Dkt. No. 84], in which he alleges that the Court deprived him of due process by failing sua sponte to order an evaluation of his competence to stand trial and that his counsel was constitutionally ineffective for failing to have him evaluated by a psychiatrist. Both arguments are meritless and for the reasons that follow the Motion to Vacate will be dismissed.

## I. BACKGROUND

On June 25, 2015, a grand jury returned a superseding indictment charging Cerritos with two counts of murder in aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(1) and 2 [Dkt. No. 1]. One count was dismissed [Dkt. No. 23], and Cerritos proceeded to trial by jury on September 19, 2016 on the remaining count [Dkt. No. 46]. After a four-day trial, the jury found Cerritos guilty of one count of murder in aid of racketeering [Dkt. No. 50]. At trial, the government established that Cerritos, who was 18 years old and a member of the Northern Virginia clique of the MS-13 gang, ordered the murder of Gerson Adoni Martinez Aguilar, a

fellow gang member who had disobeyed gang rules. On December 16, 2016, Cerritos was sentenced to life imprisonment [Dkt. No. 59]. Cerritos appealed his conviction and sentence to the Fourth Circuit, arguing that there was insufficient evidence to prove that he was a member of a criminal enterprise engaged in interstate commerce or that he knowingly participated in the murder and that his life sentence violated the Eighth Amendment. See United States v. Cerritos, 706 F. App'x 113, 114 (4th Cir. 2017). The Fourth Circuit affirmed his conviction and sentence. Id. at 115. On July 17, 2018, Cerritos timely filed this Motion to Vacate, to which the government responded [Dkt. No. 89]. The Court granted Cerritos' Motion for Extension of Time to File Reply, giving him until November 15, 2018 to reply [Dkt. No. 93]; however, as of April 25, 2019, he has failed to file anything further.

## II. DISCUSSION

### A. Standard of Review

A motion to vacate under 28 U.S.C. § 2255 provides for collateral attack on a conviction or sentence when the conviction or sentence was imposed in violation of the United States Constitution or laws, when the court lacked jurisdiction to impose the sentence, when the sentence was in excess of the maximum authorized by law, or when the conviction or sentence is otherwise subject to a collateral attack. See 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, a movant bears the burden of proving his grounds for collateral relief by a preponderance of the evidence. See Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

Relief under § 2255 is designed to correct for fundamental constitutional, jurisdictional, or other errors, and it is therefore reserved for situations in which failing to grant relief would be "inconsistent with the rudimentary demands of fair procedure or constitute[ ] a complete miscarriage of justice." United States v. Vonn, 535 U.S. 55, 64 (2002) (quoting United States v. Timmreck, 441 U.S. 780, 783 (1979)). A § 2255 motion "may not do service for an appeal," and

2

claims that have been waived are therefore procedurally defaulted unless the movant can show cause and actual prejudice. United States v. Frady, 456 U.S. 152, 165-67 (1982). There is an exception to this rule when a defendant brings a claim of constitutionally ineffective assistance of counsel. See United States v. Gastiaburo, 16 F.3d 582, 590 (4th Cir. 1994). Under § 2255(b), a movant is to be granted an evidentiary hearing on his motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." The district judge has discretion to deny without a hearing § 2255 motions which state "only legal conclusions with no supporting factual allegations." See Raines v. United States, 423 F.2d 526, 531 (4th Cir. 1970) (internal quotation marks and citations omitted).

### B. Denial of Due Process

Cerritos' argument that the Court deprived him of due process by failing sua sponte to order a psychiatric evaluation or competency hearing is meritless. A trial court shall order such an evaluation or competency hearing on its own motion "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent." 18 U.S.C. § 4241(a). To be entitled to relief because the trial court failed to order such an evaluation or a competency hearing, Cerritos must establish that the "trial court ignored facts raising a bona fide doubt regarding his competency to stand trial." United States v. Moussaoui, 591 F.3d 263, 291 (4th Cir. 2010) (internal quotation marks and citation omitted). In making this determination, the district court should examine any history of irrational behavior by the defendant, his demeanor throughout the trial, and prior medical opinions on competency. Id. (internal quotation marks and citation omitted).

As to the issue of sanity at the time of the offense, the Supreme Court has held that "when a defendant has made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, the Constitution requires that a State provide access to a

3

psychiatrist's assistance on the issue if the defendant cannot otherwise afford one." Ake v. Oklahoma, 470 U.S. 68, 74 (1985). Yet Ake "does not mandate that the trial court be omniscient, nor does it require the trial court to divine without direction what expert the defendant wishes, nor why such an expert is needed." Page v. Lee, 337 F.3d 411, 416 (4th Cir. 2003). It is "not unreasonable to conclude" that a defendant "must show the trial court that there exists a reasonable probability both that an expert would be of assistance to the defense and that denial of expert assistance would result in a fundamentally unfair trial." Id. (quoting Moore v. Kemp, 809 F.2d 702, 712 (11th Cir. 1987)).

Cerritos has failed to establish any basis upon which the trial court could have suspected that his sanity was in doubt, either at the time of the offense or at trial.[1] This present Motion to Vacate is the first time Cerritos has raised the issue of any mental health problem, and he provides no facts to support the theory that he was incompetent to stand trial or should have been found not guilty by reason of insanity. The trial record does not disclose Cerritos engaging in any erratic behavior, and he proffers none in his Motion to Vacate, pointing only to his young age and the criminal conduct at issue. In a colloquy with the Court during the trial, he responded appropriately to questions about his decision not to testify and during the sentencing hearing he articulated understanding the conditions of his supervised release [Dkt. Nos. 72 at 9-11 and 78 at 748-49]. Throughout the trial and sentencing phase of this case, Cerritos "acted in a manner exhibiting competence." Beck v. Angelone, 261 F.3d 377, 388 (4th Cir. 2001) (internal quotation marks and citation omitted). Moreover, during the presentence investigation, Cerritos reported to

---

[1] Furthermore, because Cerritos did not raise this claim on his direct appeal, it must fail because of procedural default. When a movant fails to raise a claim on direct appeal, "the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998) (internal quotation marks and citations omitted). Cerritos can demonstrate neither.

4

the Probation Office "no history of any serious or chronic medical conditions or illness, and no prior hospitalizations or surgeries" and "no history of psychological or psychiatric treatment" and the Probation Office found "no documented evidence to suggest otherwise" [Dkt. No. 56 ¶¶ 64-65]. As Cerritos "did nothing to lead his counsel or the [ ] trial court to question his competency," Beck, 261 F.3d at 388, the trial court was not obligated sua sponte to order either a psychiatric evaluation or conduct a competency hearing.

### C. Ineffective Assistance of Counsel

Cerritos' argument that his counsel was constitutionally ineffective for failing to have him evaluated by a psychiatrist is similarly meritless. To establish an ineffective assistance of counsel claim, the movant must show both that (1) "counsel's performance was deficient" and that (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance occurs when "counsel's representation fell below an objective standard of reasonableness." Id. at 688. A movant can show prejudice when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A mere showing that "the errors had some conceivable effect on the outcome of the proceeding" is not enough; a reasonable probability requires that the errors are "sufficient to undermine confidence in the outcome." Id. at 693-94.

In his Motion to Vacate, Cerritos does not articulate how his counsel's failure to pursue a psychiatric evaluation was either deficient or prejudicial—regarding the latter, he simply states, "prejudice must be assumed." Motion to Vacate 6. Whether to pursue a psychiatric evaluation is a "tactical decision" best left to the determination of trial counsel. See Barnes v. Thompson, 58 F.3d 971, 981 (4th Cir. 1995) (internal quotation marks and citation omitted). When there was "no evidence" that a mental impairment existed, trial counsel cannot be called deficient for failing to pursue that evidence. See id.; Clanton v. Bair, 826 F.2d 1354, 1358 (4th Cir. 1987)

5

("When a seemingly lucid and rational client rejects the suggestion of a psychiatric evaluation and there is no indication of a mental or emotional problem, a trial lawyer may reasonably forego insistence upon an examination."). Given that Cerritos has never alleged that he was suffering from a mental impairment at the time the offense was committed or during the trial proceedings and does not even describe a mental health condition, other than his age, in the present Motion to Vacate, counsel was not deficient in failing to order a psychiatric evaluation. Additionally, Cerritos fails to articulate how he satisfies the prejudice prong of the Strickland analysis, as he makes no proffer of what evidence a psychiatric examination would reveal or how this evidence would have been sufficient to lead to a finding of either incompetence to stand trial or insanity. An allegation of inadequate investigation "does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced." Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) (citation omitted). Accordingly, this ineffective assistance of counsel claim fails.

### III. CONCLUSION

Because Cerritos has failed to present any allegations or facts which persuade the Court that an evidentiary hearing would aid the decisional process and has failed to allege any basis for relief, his Motion to Vacate will be dismissed by an appropriate Order to issue with this Memorandum Opinion.

Entered this 25 day of April, 2019.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge